UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NATASHA BENNETT, )
)
    Plaintiff(s), )
)
vs. ) Case No. 4:12CV977 JCH
)
CASEY'S GENERAL STORES, INC., )
)
    Defendant(s). )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Casey's General Stores, Inc.'s Motion to Dismiss Counts III and IV of Plaintiff's Complaint ("Motion to Dismiss"), filed on July 6, 2012. (ECF No. 7). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Natasha Bennett ("Plaintiff" or "Bennett") had been working as a cashier for Defendant Casey's General Stores, Inc. ("Defendant" or "Casey's") since August 8, 2009. (Complaint, ECF No. 1, ¶ 12). On July 2, 2011, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights ("the Commission") and the Equal Employment Opportunity Commission ("EEOC"), claiming that Defendant discriminated and retaliated against her in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. §§ 213.010-213.137, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17. (Id., ¶ 9). The Commission and the EEOC issued Plaintiff Notices of Right to Sue on February 14, 2012, and March 1, 2012, respectively. (Id., ¶ 11).

On May 30, 2012, Plaintiff brought this lawsuit pursuant to the MHRA and Title VII, reiterating her allegations of discrimination and retaliation. (Id., ¶ 1). Plaintiff's Complaint contains

four counts: Count I alleges harassment under 42 U.S.C. § 2000e, Count II alleges retaliation under 42 U.S.C. § 2000e, Count III alleges discrimination under the MHRA, and Count IV alleges retaliation under the MHRA. As noted above, Defendant filed its Motion to Dismiss on July 6, 2012, asserting Counts III and IV of Plaintiff's Complaint are time-barred and must be dismissed.

## STANDARD

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In addition, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for FED.R.CIV.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citation omitted).

## DISCUSSION

The MHRA sets out a ninety-day limitations period for filing an action in court. Section 213.111.1, MO. REV. STAT. (2012), provides as follows: "[a]ny action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." Under the statute, therefore, the limitations period begins to run from the date of the Commission's notification letter.

Plaintiff concedes her MHRA claims were not filed within the ninety-day period proscribed

by § 213.111.1 but argues this deadline should be equitably tolled. "Under both the Missouri Human Rights Act and Title VII, the requirements for timely filing of action are subject to the principles of waiver, estoppel and equitable tolling." Abdul-Waali v. Restart, Inc., No. 10-00567-CV-W-JTM, 2011 WL 281045, at *2 (W.D. Mo. Jan. 26, 2011) (citing Pollock v. Wetterau Food Distribution Group, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999) [Missouri Human Rights Act]; Roush v. Kartridge Pak Co., 838 F.2d 1328, 1333 (8th Cir.1993) [Title VII]). The Eighth Circuit has listed examples of when equitable tolling might be applied, such as "when a motion for appointment of counsel is pending, where the Court might have led the plaintiff to believe all requirements for bringing a suit were met or where defendant's conduct caused plaintiff not to take a necessary action." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir.1989) (citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984)). The list of examples cited by the Eighth Circuit is not exhaustive. Nonetheless, "[c]ourts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." Houston-Morris v. AMF Bowling Certers, Inc., No. 11-00325-CV-W-FJG, 2011 WL 5325646, at *3 (W.D. Mo. Nov. 3, 2011) (citing Hill, 869 F.2d at 1124).

Here, Plaintiff did not file her Complaint until May 30, 2012, which is 106 days after the Commission issued her Notice of Right to Sue. Therefore, Plaintiff's MHRA claims are untimely. Plaintiff argues that the ninety-day limitations period should be equitably tolled, as all of Plaintiff's claims are based on the same events and the longer limitations period for Title VII claims should also apply to Plaintiff's MHRA claims. Plaintiff cites no circumstances beyond her control to support her argument that the ninety-day limitations period under the MHRA should be tolled. The Court finds no basis on which to equitably toll the statute of limitations, and Counts III and IV of Plaintiff's Complaint must be dismissed.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint (ECF No. 7) is **GRANTED**, and Counts III and IV of Plaintiff's Complaint are dismissed with prejudice.


Dated this 15th day of August, 2012.


/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE